CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
OCT 26 2021
JULIA C. DUDLEY, CLERK
BY: s/ H. MCDONALD
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# DANVILLE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | )<br>)<br>) Case No. 4:12CR00032-002<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| **DAMIEN COURTNEY FITZGERALD,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | ) |

*Jonathan Jones, Assistant United States Attorney, Roanoke, Virginia, for United States; Christine Madeleine Lee, Office of the Federal Public Defender, Roanoke, Virginia, for Defendant.*

The defendant, a federal inmate sentenced by the late District Judge Jackson L. Kiser of this court, has file by counsel a motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). Upon consideration of the motion on the merits, it will be denied.

I.

The defendant, Damien Courtney Fitzgerald, pled guilty to two counts of distribution of cocaine base, in violation of 26 U.S.C. § 841(a)(1), (b)(1)(C) (Counts 16 and 22), and one count of possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 23). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Fitzgerald and the government stipulated to a total sentence of 180 months, which the court accepted at sentencing on August

1, 2013.  An appeal by Fitzgerald was unsuccessful.  *United States v. Fitzgerald*, 563 F. App'x 238, 240 (4th Cir. 2014) (unpublished).  His present projected release date from prison is July 16, 2026.

On January 22, 2021, Fitzgerald filed a pro se letter motion seeking compassionate release based on his health risk in prison from COVID-19.  The Federal Public Defender, who had earlier entered an appearance for Fitzgerald, was granted leave on January 29, 2021, to file a supplemental motion within 60 days.  No such supplemental motion was timely filed and on April 7, 2021, the court granted a further extension of 60 days.  On June 1, 2021, the supplemental motion was filed by counsel adding a new ground, based upon a change in the sentencing guidelines since the date of Fitzgerald's sentencing.  The government responded, contending among other things that Fitzgerald had failed to exhaust his administrative remedies.  No reply was filed on Fitzgerald's behalf, and by Order entered September 10, 2021, the court dismissed Fitzgerald's motion for compassionate release without prejudice for failure to exhaust administrative remedies as required by § 3582(c)(1)(A).

Thereafter, on October 12, 2021, the Federal Public Defender filed a "Second Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)."  Attached to the motion are copies of a written request by Fitzgerald dated February 26, 2021, to the Warden at Butner FCI II requesting compassionate release due to COVID-19 as well as a response by the Warden dated March 16, 2021, denying the request.  Counsel for

Fitzgerald apologized for "having overlooked submitting the denial documents." Mot. 3, ECF No. 270.[1]

## II.

It is contended that Fitzgerald would not have qualified for career offender status if he had been sentenced under the present U.S. Sentencing Guidelines Manual (USSG) § 4B1.1, since one of his predicate offenses — eluding police — would not have applied. *See* USSG § 4B1.2(a). Fitzgerald's advisory guideline range as a career offender was 262 to 327 months for Counts 16 and 22, not including the statutory mandatory minimum sentence of 60 months for the § 924(c) conviction on Count 23. Of course, he was sentenced far below the guideline range on Counts 16 and 22 to 120 months, to be followed by the mandatory 60-month term on Count 23, all pursuant to the parties' court-accepted stipulated sentence. Had he not been a career offender, his guideline range on Counts 16 and 22 would have been 41 to 51 months. It is argued that this disparity between the guideline range when he was sentenced and the presently applicable range is an extraordinary and compelling reason justifying a reduction in his sentence. *See United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020).

---

[1] In light of the fact that the government responded on the merits to Fitzgerald's earlier motion, I do not find it necessary to seek another response from the government to this second motion.

As to the risk of COVID-19, the government earlier showed in response to the first motion that on March 3, 2021, Fitzgerald had refused vaccination against the disease in prison when offered to him. Resp. Ex. 1, ECF No. 264. In defense, it is now contended that Fitzgerald refused the vaccine because he "has suffered from kidney failure for many years," Mot. 2, ECF No. 270, and because the Pfizer-BioNTech vaccine contains as an ingredient potassium and sodium, "[i]s is for this reason, and this reason alone, that Mr. Fitzgerald declined to take the COVID-19 vaccine that was offered to him when it was offered." *Id.* at 3. No affidavit, declaration, or other evidence in support of that assertion by counsel has been offered, although the Presentence Investigation Report (PSR) prepared in 2013 does indicated that Fitzgerald has suffered from chronic kidney disease. PSR ¶ 53, ECF No. 225. It is argued that his health conditions and the resulting risk of serious illness if infected by SARS-Cov-2 virus justify a reduction in his sentence, despite his refusal to accept the vaccine.[2]

---

[2] In fact, however, the National Kidney Foundation, American Society of Nephrology, and American Society of Transplantation all recommend the COVID-19 vaccine for those with kidney disease or who have had a kidney transplant, including the Pfizer vaccine. Am. Kidney Fund, *COVID-19 Vaccine and Kidney Disease: Frequently Asked Questions*, https:/www.kidneyfund.org/covid-19/vaccine-faqs/ (last visited Oct. 26, 2021).

III.

In exercising my discretion under § 3582(c)(1)(A)(i), I must consider the principles set forth in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the factors described in 18 U.S.C. § 3553(a), to the extent they are applicable. Even if were to find that the grounds espoused constituted extraordinary and compelling reasons for reduction in sentence, I would deny the motion based on my consideration of the factors contained in § 3553(a).

As pointed out by the government, Fitzgerald's crimes were serious. He was involved in numerous drug and firearms sales and attempted sales to a confidential informant. Included in his illegal possession was an assault-type rifle, a Norinco, model 84S-5. Indictment, Count 23, ECF No. 3; PSR ¶¶ 13, 14, ECF No. 225. After his co-conspirator was arrested, he continued to sell drugs and firearms. Moreover, Fitzgerald has an extensive prior criminal history including drug distribution, for which his post-incarceration probation was revoked three times. I find that Fitzgerald's present sentence is appropriate and not greater than necessary, considering the need to reflect the seriousness of his crimes, provide just punishment, and afford adequate deterrence to future criminal conduct. 18 U.S.C. § 3553(a)(2).

IV.

It is **ORDERED** that the Second Motion for Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 270, is DENIED.

ENTER: October 26, 2021

/s/  JAMES P. JONES
Senior United States District Judge